UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| U.S. PUBLIC, *et al.*, | Case No. 24-cv-0369-BAS-VET |
|---|---|
| Plaintiffs, | |
| v. | **ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |
| PEOPLE IN U.S., *et al.*, | |
| Defendants. | |

On February 26, 2024, Plaintiffs Steven Cross and Sandara Jenkins commenced this action *pro se* against Defendants Ann Busby, Liz Hackett, the California Department of Real Estate Governors, and Does 1 to 1 billion. (ECF No. 1.) On March 27, 2024, the Court issued an Order to Show Cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 12.) Plaintiffs have not responded to the Order.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

Plaintiffs fail to allege any violations of the Constitution, federal laws, or treaties of the United States. Accordingly, based on what has been plead, Plaintiffs appear to lack jurisdiction under federal question jurisdiction. Plaintiffs also fail to adequately allege there is complete diversity of citizenship. From Plaintiffs' *ex parte* communication to the Court, it appears Plaintiffs are citizens of California as they list a California address. (ECF No. 5.) Plaintiffs have not alleged the citizenship of the other named Defendants. Moreover, Plaintiffs fail to plead the amount in controversy in this case exceeds $75,000 and fails to allege any facts that could reasonably establish this threshold amount in controversy. Without this information and without diversity of citizenship, diversity jurisdiction appears lacking.

Because Plaintiffs have not responded to the Court's Order to Show Cause, the Court finds the interests of justice weigh in favor of dismissal without prejudice. Hence, this Court **DISMISSES** this action without prejudice *sua sponte* for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED: April 18, 2024**

Hon. Cynthia Bashant
United States District Judge